UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-486-R

FORTUNE WILLIAMS                                                              PLAINTIFF

v.

KENTUCKY BOARD OF MEDICAL LICENSURE *et al.*                    DEFENDANTS

<u>MEMORANDUM AND ORDER</u>

This matter is before the Court on several motions filed by the parties.  For the reasons

that follow, the Court will grant Defendants' motions to dismiss and deny all other motions.

**A.      Plaintiff's motion for default judgment (DN 21)**

Plaintiff seeks a default judgment against the Kentucky Board of Medical Licensure.

Plaintiff seeks entry of default judgment because Defendant Kentucky Board of Medical

Licensure failed to reply to his response to its motion to dismiss.  Under Fed. R. Civ. P. 55(a) of

the Federal Rules of Civil Procedure, "When a party against whom a judgment for affirmative

relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default."  By filing a motion to dismiss, the Kentucky

Board of Medical Licensure defended the claims against it, and an answer is not yet due.  *See*

Fed. R. Civ. P. 12(a)(4), (b).  As default judgment is not an appropriate remedy when a party

fails to file a response or a reply to a motion, **IT IS ORDERED** that Plaintiff's motion for entry

of default judgment (DN 21) is **DENIED**.

**B.      Plaintiff's motions for summary judgment (DNs 16, 23, 24 & 30) and Defendant Tennessee Board of Medical Examiners' motion to strike the motions for summary judgment/for extension of time to file response (DN 26)**

As discovery has not yet been conducted, Plaintiff's motions for summary judgment are premature.  Moreover, Plaintiff's motions are more in the nature of responses to Defendants' motions to dismiss.  For these reasons, **IT IS ORDERED** that Plaintiff's motions for summary judgment (DNs 16, 23, 24 & 30) are **DENIED**.  Because the Court has denied Plaintiff's motions for summary judgment, **IT IS FURTHER ORDERED** that Defendant's motion to strike/for extension (DN 26) is **DENIED as moot**.

**C.      Defendants' motions to dismiss (DNs 7 & 10)**

Plaintiff filed a *pro se* complaint against the Kentucky Board of Medical Licensure ("KBML") and the Tennessee Board of Medical Examiners ("TBME"), seeking a reversal of the revocation of his medical license in both Kentucky and Tennessee.  Plaintiff contends that both Defendants' administrative cases were "based on violations of the 4th and the 14th Amendments to the U.S. Constitution and Sections 1, 2, 3, 10, 11, and 14 of the Kentucky Constitution."  He also alleges a violation of the Administrative Procedures Act ("APA").  As relief, he asks the Court to vacate KBML's and TBME's final orders of revocation of his medical license.

Defendants KBML and TBME each filed a motion to dismiss (DNs 7 & 10, respectively), and Plaintiff filed responses (DNs 9 & 20) to both.  The KBML brings its motion under Fed. R. Civ. P. 12(b)(6)[1] and argues that Plaintiff has failed to state a claim upon which

---

[1]"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

relief may be granted because the APA applies only to federal, not state, agencies and because he has failed to exhaust his state remedies prior to coming to federal court.  The TBME brings its motion under Fed. R. Civ. P. 12(b)(5) asserting insufficiency of service of process and raising Eleventh Amendment immunity.[2]

Upon consideration of Defendants' motions, Plaintiff's responses (including the responsive arguments contained in his motions for summary judgment), and the relevant law, the Court will grant the motions to dismiss for failure to state a claim upon which relief may be granted and based on the Eleventh Amendment, and, by separate order, the Court will dismiss the instant action.

### 1. APA

Section 702, Title 5, United States Code provides, in part:  "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  Such redress, however, is available only for actions taken by *federal* agencies.  "'Agency' means each authority of the Government of the United States. . . ."  5 U.S.C. § 701(b)(1).  In other words, individuals wronged by a *state* agency action may not invoke the protections of this particular statute. *Southwest Williamson County Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) ("By its own terms, the APA does not apply to state agencies.").

As discussed by Defendant KBML, the Medical Board is a Kentucky agency created by Ky. Rev. Stat. Ann. § 311.530 ("There is hereby created in state government an independent

---

[2]Because the Court is not granting the motion on the basis of insufficiency of process, the Court need not set forth the standard of review for such an instance.  Eleventh Amendment immunity is discussed in greater detail later in the opinion.

board to be known as the State Board of Medical Licensure which shall exercise all medical and osteopathic licensure functions heretofore exercised by the State Board of Health."). Although Defendant TBME did not specifically argue that the APA does not apply to it, it does state that the Board of Medical Examiners is an entity of the State of Tennessee under Tenn Code Ann. §§ 63.6.101 (creating the Board), 68-1-101(8)(M) (2007 Supp.) (placing the Board of Medical Examiners within the Department of Health). Because both Defendants KBML and TBME are state agencies, the APA does not apply to them. The APA claim must, therefore, be dismissed against both Defendants.

### 2. *Fourth and Fourteenth Amendments*

The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has also "made clear that the sovereign immunity of the states . . . extends to actions brought against a state by its own citizens." *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)). Moreover, "[s]overeign immunity applies not only to the states themselves, but also to 'state instrumentalities,'" *S.J. v. Hamilton County, Ohio,* 374 F.3d 416, 419 (6th Cir. 2004) (quoting

4

*Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)), and regardless of the relief sought. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

There are essentially three exceptions to the rule cited above:  (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations.  *See Barton,* 293 F.3d at 948; *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. at 146 (advising that *Ex parte Young* "has no application in suits against the States and their agencies, which are barred regardless of the relief sought").  None of these exceptions exist in this case.

As discussed in the foregoing APA section, both the KBML[3] and the TBME are state agencies.  Those Defendants are, therefore, entitled to sovereign immunity under the Eleventh Amendment.  *See Fairley v. Louisiana*, 254 F. App'x 275, 277 (5th Cir. 2007) ("The Eleventh Amendment therefore bars the relief sought against the Board [of Medical Examiners] and the State of Louisiana."); *Emory v. Texas State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984) ("[T]he eleventh amendment bars all relief sought against the Board."); *Tobias v. Arizona Bd. of Med. Exam'rs*, No. CV-98-00416-RCB, 1999 WL 510951, at *1 (9th Cir. July 15, 1999) (finding, in an action against the Medical Board of California and the Arizona Board of Medical Examiners for denying an application for licensure, that district court properly dismissed action on Eleventh Amendment grounds).

---

[3]The KBML did not assert Eleventh Amendment immunity.  However, while not required, the Court may consider the issue on its own.  *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("Nor need a court raise the defect on its own. Unless the State raises the matter, a court can ignore it."); *Detroit Edison Co. v. Mich. Dep't of Envtl. Quality*, 29 F. Supp. 2d 786, 791 (E.D. Mich. 1998) ("*Schacht* recognizes that a federal court has the discretion to raise and decide the Eleventh Amendment issue sua sponte but is under no duty to do so.").

### *3.  State-law claims*

Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows:  "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Having dismissed all federal claims over which the court has original jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state-law claims.  28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Consequently, the state-law claims will be dismissed without prejudice.

### *4.  Conclusion*

Because Plaintiff has failed to state a claim for relief under the APA and since the remaining federal claims are barred by the Eleventh Amendment, **IT IS ORDERED** that Defendant KBML's and Defendant TBME's motions to dismiss (DNs 7 & 10) are **GRANTED** as a matter of law.  By separate Order, the Court will dismiss the federal claims with prejudice and dismiss the state-law claims without prejudice.[4]

---

[4]Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, dismissal is also appropriate under § 1915(e)(2)(B), which mandates that a court must dismiss a case "at any time" if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  "[Section] 1915(e)(2) is applicable throughout the entire litigation process.  A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section."  *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**D.      Remaining motions (DNs 10, 18, 31 & 32)**

Because the action will be dismissed by separate Order, Defendant TBME's motion to

quash return of service (DN 10), Defendant KBML's motion for E-filing exemption (DN 18),

Plaintiff's motion to quash sovereign immunity (DN 31), and Plaintiff's motion to void

unconstitutional medical licensure administrative final orders (DN 32) are all **DENIED as moot**.

Date:

cc:      Plaintiff, *pro se*
         Counsel of Record
4413.005

7